UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **RENE GAINES (#108989)** | **CIVIL ACTION** |
| VERSUS | NO. 23-00229-JWD-EWD |
| JAMES M. LEBLANC | |

## OPINION

The Court has independently reviewed the entire record in this case and notes that the Plaintiff has filed an objection to the report and recommendation of Magistrate Judge Erin Wilder-Doomes (Doc. 8). In his objection, Gaines attempts to shore up his retaliation claim by adding additional facts regarding the consequences of his transfer to the main prison from Camp F. (*Id.* at 6–7.) Gaines alleges that his transfer to the main prison "created the very real possibility . . . measures would eventually be taken to remove him from [his] job, thus denying him the ability to do work." (*Id.* at 7.) However, Gaines does not indicate that he actually lost his job as a result of his transfer to the main prison. Even if he did actually lose his job, such a loss is not sufficient to state a claim of retaliation. *Williams v. Errington*, No. 20-24, 2022 WL 368817, *6 (S.D. Miss. Feb. 7, 2022) ("Williams failed to state a retaliation claim insofar as the retaliatory act relates to his trustee position. It is well-established that an inmate's mere removal from his prison job assignment would not deter a person of ordinary firmness from further exercising his constitutional rights.") (citing *Tighe v. Wall*, 100 F.3d 41, 42–43 (5th Cir. 1996)). Gaines also describes the conditions at Camp F when he was transferred back from the main prison the same as previously described in his complaint, which was not sufficient to state a claim. Gaines adds that the new Camp F dormitory he was assigned to is "significantly more hazardous to one's health," but this conclusory statement coupled with the same details as previously provided in the Complaint still does not rise to a greater than

*de minimis* retaliatory action for the reasons explained in the Report and Recommendation. Accordingly, the retaliation claims against all Defendants still fail.

Plaintiff's claims against LeBlanc fail for the same reasons as stated in the Report and Recommendation. (Doc. 8.) Regarding Plaintiff's additional allegations against Hooper, Gaines still fails to state a claim. Gaines complains that he wrote a letter to Hooper on November 11, 2022, that complained of the transfer to the main prison and that Hooper did nothing about it. (Doc. 1; Doc. 8 at 3.) However, Hooper was not *personally* involved in the transfer, and even if Hooper had been personally involved, as noted above and discussed in the Report and Recommendation, the transfer did not rise to the level required for a claim of retaliation, so this does not state a claim. Gaines also complains that Hooper did not respond to his complaint regarding lost property, but, by Plaintiff's own allegations, it appears the Band Saw was lost sometime while Gaines was at the main prison, which would have been prior to February 17, 2023. Plaintiff notes, and the form indicates that lost property claims must be submitted within 10 days of the date of loss, and because Plaintiff submitted his claim on March 6, 2023, the submission would have been untimely and would not warrant a response.[1] Even if the claim was timely and a response warranted, Gaines has not stated a claim because there is no constitutional right to have grievances resolved to an inmate's satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005); *see also Baird v. Howard*, No. 14-160, 2014 WL 3949160, *3 (N.D. Tex. Aug. 12, 2014) (dismissing as frivolous a claim that wardens did not respond to lost property reports). He also cannot state a claim for his lost property, generally, for the reasons stated in the Report and Recommendation. (Doc. 7 at 7.) Therefore, for the reasons set forth in the Magistrate Judge's Report dated September 27, 2024

---

[1] As noted in the Report and Recommendation at footnote 33, it does not appear that the loss/damage of the saw is meant to be included in the act of retaliation, but to the extent the loss/damage of the saw is intended to be a retaliatory act, Gaines has failed to allege any facts to demonstrate that the saw was purposefully damaged or lost by any Defendant. Accordingly, Gaines has failed to state facts that indicate the required presence of intent and causation as it relates to the loss/damage of the saw.

(Doc. 7), to which an objection was filed and considered (Doc. 8);

**IT IS ORDERED** that the Gaines's federal claims are DISMISSED, WITH PREJUDICE, for failure to state a claim based on screening under 28 U.S.C. §§ 1915(e) and 1915A,[2] and that the Court declines to exercise supplemental jurisdiction over any potential state law claims.

Judgment shall be entered accordingly.

Signed in Baton Rouge, Louisiana, on October 11, 2024.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[2] Gaines is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Since this Report and Recommendation being adopted, the Ruling in this matter will count as a strike.